**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**MISTY LEE ANGEL-GONZALEZ**                                    **PLAINTIFF**

v.                              **No. 3:16-CV-00116-JTK**

**NANCY A. BERRYHILL,**
**Acting Commissioner,**
**Social Security Administration**                                    **DEFENDANT**

**ORDER AFFIRMING THE COMMISSIONER**

Misty Angel-Gonzalez applied for social security disability benefits with an alleged disability onset date of July 10, 2006. (R. at 275). After a hearing, the administrative law judge (ALJ) denied benefits. (R. at 140). The Appeals Council remanded for further proceedings. (R. at 146–48). After a second hearing, the ALJ once again denied benefits. (R. at 43), The Appeals Council declined review of the second ALJ's decision. (R. at 1). The ALJ's decision stands as the Commissioner's final decision, and Angel-Gonzalez has requested judicial review. The parties have consented to the jurisdiction of the Magistrate Judge.

For the reasons stated below, this Court affirms the ALJ's decision.

**I.**       **The Commissioner's Decision**

The ALJ found that Angel-Gonzalez had the severe impairments of degenerative disk disease, history of cannabis abuse, and obesity. (R. at 32). The ALJ then determined that Angel-Gonzalez had the residual functional capacity to perform sedentary work, except that she can occasionally stoop, balance, kneel, crouch, and crawl; must have the option after sitting for thirty minutes to stand for no more than ten minutes within the immediate workplace area with no disruption to the work process; cannot be exposed to dust, fumes, gases, or other pulmonary irritants; is limited to

1

simple, routine, and repetitive tasks with supervision that is simple, direct, and concrete; and can handle frequent contact with coworkers and supervisors and occasional contact with the general public. (R. at 34). Having taken testimony from a vocational expert (VE), the ALJ then found that Angel-Gonzalez could not return to her past relevant work. (R. at 142). However, the ALJ found that she could perform such jobs as fishing reel assembler or table worker. (R. at 43). Accordingly, the ALJ determined that Angel-Gonzalez was not disabled. (R. at 43).

## II.     Discussion

Angel-Gonzalez argues that the ALJ did not perform a proper credibility analysis, failed to properly consider her mental health treatment, and wrongly considered gaps in her mental health treatment history.

This Court will affirm the ALJ's decision if it is supported by "substantial evidence in the record as a whole," which is more than a scintilla but less than a preponderance. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). Even if it is possible to draw two inconsistent positions from the evidence, the Court must affirm if one of those positions represents the ALJ's findings. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015).

This Court will defer to an ALJ's credibility analysis when it is supported by "good reasons and substantial evidence." *Turpin v. Colvin*, 750 F.3d 989, 993 (8th Cir. 2014). The ALJ considers such factors as "the claimant's daily activities; the duration, frequency and intensity of the pain; precipitating and aggravating factors; dosage, effectiveness and side effects of medication; and functional restrictions." *Milam v. Colvin*, 794 F.3d 978, 984 (8th Cir. 2015) (citing *Polaski v. Heckler*, 739 F.2d 1320, 1322

(8th Cir.1984)) (internal quotations omitted). The ALJ need not discuss each factor in depth. *Id.*

Angel-Gonzalez argues that the ALJ wrongly discredited her testimony due to her mild daily activities, including housework. She testified that she could do housework with frequent breaks. (R. at 100). The Eighth Circuit has held that light housework does not support a finding that a claimant can perform full time competitive work. *Baumgarten v. Chater*, 75 F.3d 366, 369 (8th Cir. 1996). However, in this instance, the ALJ based his credibility determination on more than Angel-Gonzalez's daily activities. The ALJ noted that Angel-Gonzalez has received conservative treatment. (R. at 36–37). He also noted that she had significant treatment gaps and had experienced improvement in her condition and that medication helps to control her conditions. (R. at 37). Furthermore, the ALJ gave Angel-Gonzalez an RFC restricting her to less than the full range of sedentary work. The household chores noted by the ALJ are not inconsistent with such an RFC.

Angel-Gonzalez next argues that the ALJ did not fully consider her mental health treatment that began in April 2014. She contends this based on the ALJ's discussion of that treatment being somewhat brief. (R. at 35–36, 37). Angel-Gonzalez complains that the ALJ noted that she continued treatment through October 2014 even though she submitted evidence of additional treatment that occurred after that date. However, this evidence was not in the ALJ's possession and was first considered by the Appeals Council. (R. at 5). "In order to support a remand, new evidence must be 'relevant, and probative of the claimant's condition for the time period for which benefits were denied.'" *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002) (citation omitted). The additional records do, in part, concern the time up to the ALJ's decision. However, the

additional evidence does not provide any significant additional insight into Angel-Gonzalez's condition and is not, by itself, enough to support remand.

Furthermore, the ALJ considered the opinions of consultative examiners in determining the limitations resulting from Angel-Gonzalez's mental impairments. (R. at 39–41). A thorough review of the record reveals no evidence supporting non-exertional limits greater than those in the RFC. The ALJ's consideration of Angel-Gonzalez's mental health treatment and history was sufficiently thorough to support his decision.

Finally, Angel-Gonzalez maintains that the ALJ wrongly considered gaps in her mental health treatment. This argument is largely corollary to Angel-Gonzalez's argument concerning the credibility determination. However, Angel-Gonzalez argues that the gaps in her treatment are a result of her mental impairments and should thus not be regarded as discrediting evidence. As the Commissioner correctly observes, though, Angel-Gonzalez has provided no evidence to support the idea that her failure to seek treatment resulted from her mental impairments. Additionally, the ALJ considered more factors than the treatment gaps in discrediting Angel-Gonzalez. The record simply does not contain sufficient evidence to warrant reversal.

### III. Conclusion

A reasonable mind would find that the evidence is adequate to support the ALJ's decision. The ALJ performed a proper credibility analysis, fully considered Angel-Gonzalez's mental health treatment, and properly considered the gaps in her treatment. The decision of the ALJ is hereby affirmed.

It is so ordered this 24th day of May 2017.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE